UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.     -CIV-

MANUEL FONS,

    Plaintiff,

v.

LATIN MOTORS INTERNATIONAL, LLC.,
a Florida Corporation and SANTIAGO
HERRERA QUIJADA,
an individual.
    Defendant.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, MANUEL FONS ("Fons"), by and through his undersigned attorney, and hereby sues Defendant, LATIN MOTORS INTERNATIONAL, LLC. ("Latin Motors"), and SANTIAGO HERRERA QUIJADA, individually ("Quijada") (collectively, the "Defendants") as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Florida Minimum Wage Act, Florida Statute § 448.110 (the "FMWA").

### PARTIES

2. Plaintiff, MANUEL FONS is an adult, male citizen of the United States who presently resides in Miami-Dade, Florida.

3. Defendant, LATIN MOTORS INTERNATION, LLC., is a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. Latin Motors is located at 3175 NW 37th Street, Miami, Florida 33142.

4. Defendant SANTIAGO HERRERA QUIJADA, is a corporate officer of, and exercised operational control over the activities of Defendant, Latin Motors.

5. Defendant, Latin Motors, is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. § 203(d) and s(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and upon information and belief, it is an enterprise whose annual gross revenue was at all times material hereto in excess of $500,000 per annum, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

6. At all times material hereto, Fons is and continues to be a resident of Miami-Dade, Florida and was an "employee" of the Defendants within the meaning of the FLSA and FMWA.

7. At all times material hereto, the work performed by Fons was directly essential to the business performed by the Defendants.

8. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA and FMWA.

9. At all times material, during Fons' employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce.

The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

12. On or about June 2014, Fons was hired by Quijada as a car salesman at Latin Motors.

13. Fons' primary duties were not that of management, but rather to conduct the duties of any other employee, particularly automobile sales. Fons did not have any discretion in matters relating to the business and did not have authority to hire, fire, or promote employees.

14. Fons was employed by the Defendants from approximately June 2014 through October 2016. During this employment, Fons typically worked six (6) to seven (7) days per week. On a typical week, Fons worked over forty (40) hours per week.

15. During the material time period, Fons worked eleven (11) hours a day.

16. In many weeks, Fons worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

17. Although the Defendants were able to keep track of hours worked by Fons and other employees similarly situated, the Defendants failed to pay Fons or other similarly situated employees at an overtime rate when working in excess of forty (40) hours a week.

18. Fons should have been paid on an hourly, non-exempt rate during the entire court of his employment with the Defendants. As such, Fons is unequivocally entitled to minimum wage pay under both Federal and State law.

19. Therefore, the Defendants willfully failed to pay Fons and similarly situated employees overtime hours at the rate of time and a half their regular rate, in violation of the FLSA.

20. Fons is still owed for his overtime work completed from June 2014 to September 2014.

## COUNT I:
## Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### (Against Latin Motors International, LLC.)

21. Plaintiff, Fons, re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

22. As of June 2014, in addition to Fons' normal, regular work week, Fons worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

23. Fons was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

24. Latin Motors failed to pay Fons overtime compensation in the lawful amount of hours worked by Fons in excess of the maximum hours provided for in the FLSA.

25. At all times, Latin Motors willfully employed Fons for many work weeks longer than forty (40) hours, and failed and refused to compensate Fons for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

26. As a result of the unlawful acts of Latin Motors, Fons and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

27. Latin Motors remains owing Fons and similarly situated employees overtime wages, and Fons is entitled to recover double damages pursuant to the FLSA.

28. Fons endured considerable hardships without his earned pay checks and has been required to wait to receive his wages long after said wages were due to be paid.

29. Records, if any, concerning the number of hours worked by Fons and the actual compensation paid to him are in the possession and custody of Latin Motors.

30. Latin Motors knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Fons at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

31. Latin Motors failed to properly disclose or apprise Fons of his rights under the FLSA.

32. As a direct and proximate result of Latin Motors' willful disregard of the FLSA, Fons is entitled to liquidated damages pursuant to the FLSA.

33. Due to the intentional, willful and unlawful acts of Latin Motors, Fons has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Fons is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Fons, respectfully request that judgment be entered in their favor against Defendant, Latin Motors:

a. Declaring that Latin Motors has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Fons overtime compensation in the amount calculated;

c. Awarding Fons liquidated damages in the amount calculated;

d. Awarding Fons reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Fons post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
*(Against Santiago Herrera Quijada)*

35. Plaintiff, Fons, re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

36. As of June 2014, in addition to Fons' normal, regular work week, Fons worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

37. Fons was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

38. Quijada failed to pay Fons overtime compensation in the lawful amount of hours worked by Fons in excess of the maximum hours provided for in the FLSA.

39. At all times, Quijada willfully employed Fons for many work weeks longer than forty (40) hours, and failed and refused to compensate Fons for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

40. As a result of the unlawful acts of Quijada, Fons and all persons similarly situated to him have been deprived of minimum wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

41. Quijada remains owing Fons and similarly situated employees overtime wages, and Fons is entitled to recover double damages pursuant to the FLSA.

42. Fons endured considerable hardships without his earned pay checks and has been required to wait to receive his wages long after said wages were due to be paid.

43. Records, if any, concerning the number of hours worked by Fons and the actual compensation paid to him are in the possession and custody of Quijada.

44. Quijada knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Fons at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

45. Quijada failed to properly disclose or apprise Fons of his rights under the FLSA.

46. As a direct and proximate result of Quijada's willful disregard of the FLSA, Fons is entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Quijada, Fons has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

48. Fons is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Fons, respectfully request that judgment be entered in their favor against Defendant, Quijada:

> g. Declaring that Quijada has violated the maximum hour provisions of 29 U.S.C. § 207;
>
> h. Awarding Fons overtime compensation in the amount calculated;
>
> i. Awarding Fons liquidated damages in the amount calculated;
>
> j. Awarding Fons reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
>
> k. Awarding Fons post-judgment interest; and
>
> l. Ordering any other and further relief this Court deems to be just.

## COUNT III:
### Violation of the Florida Minimum Wage Act
### *(Failure to Pay Minimum Wages)*

49. Plaintiff, Fons, re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

50. Under the FMWA, if the employer failed to pay wages or overtime on the regular payment date, it is the equivalent of having failed altogether to pay. Thus, Fons is entitled to be paid for all hours worked at minimum wage.

51. Fons endured considerable hardships without his earned pay checks and has been required to wait to receive his wages long after said wages were due to be paid.

52. The Defendants knew or showed a reckless disregard for the provisions of the FMWA concerning the payment of wages and remains owing the named Plaintiff for every hour worked during applicable pay periods and liquidated damages accrued as of the time the wages first became due.

53. The Defendants' failure to pay Fons, minimum wages in a timely manner is in violation of the FMWA. All of these violations are intentional, willful and in reckless disregard, within the meaning of the FMWA, and Fons is further entitled to liquidated damages in an amount equal to the amount of unpaid wages due them.

54. By all of the Defendants' actions shown above, the Defendants have violated the Act by its willful and intentional conduct, and, accordingly, the controlling time period governing this action should be three (3) years preceding the date this action was initiated.

**WHEREFORE**, Plaintiff, Fons, demands judgment against the Defendants for the payment of compensation for all overtime hours and requests damages and reasonable attorney's fees and costs pursuant to the FMWA as cited above to be proven at the time of trial for all unpaid wages and untimely paid wages owing including liquidated damages accrued for the entire applicable employment period with the Defendants or as much as is allowed by the FMWA, whichever is greater, plus prejudgment interest and any and all other relief which this Court may deem reasonable under the circumstances.

## COUNT IV:
## BREACH OF CONTRACT

55. Plaintiff, Fons, re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

56. As set forth herein, Fons and the Defendants entered into a valid and enforceable contract during Fons' employment.

57. The Defendants breached the contract by failing to pay Fons his earned commission on the automobiles that he sold. Fons sold fifty-four (54) automobiles and did not receive commission for any of them.

58. As a direct and proximate result of the Defendants' breach of the contract, Fons has suffered significant damages.

59. All conditions precedent to the institution of this action have occurred, been met, and/or otherwise been waived.

**WHEREFORE,** Plaintiff Fons requests the Commission owed to him, compensatory damages, attorney fees and court costs, and any other remedy the Court deems just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: January ___, 2017.                    Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com