UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-22440-WILLIAMS/TORRES

MANUEL FONS,

    Plaintiff,

vs.

LATIN MOTORS INTERNATIONAL, LLC.,
a Florida Corporation and SANTIAGO
HERRERA QUIJADA,
an individual,

    Defendant.

_____/

# DEFENDANTS, LATIN MOTORS INTERNATIONAL, LLC. AND SANTIAGO HERRERA QUIJADA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, LATIN MOTORS INTERNATIONAL, LLC and SANTIAGO HERRERA QUIJADA, by and through undersigned counsel hereby files their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. Paragraph 1 is a legal preamble and therefore, does not require a response. However, in an abundance of caution, Defendants deny this paragraph.

2. Defendants are without knowledge of the allegations of paragraph 2 of the Complaint and therefore deny same.

3. Defendants, Latin Motor International, LLC admits the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants produce no goods and otherwise deny allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants adopt and reallege their responses to paragraphs 1 through 20 as set forth fully herein.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants adopt and reallege their responses to paragraphs 1 through 20 as set forth fully herein.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41,

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny all allegations of paragraph 48.

49. Defendants adopt and reallege their responses to paragraphs 1 through 20 as set forth fully herein.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants adopt and reallege their responses to paragraphs 1 through 20 as set forth fully herein.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

## **AFFIRMATIVE DEFENSES**

As separate defenses, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

1. Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

2. Defendants assert that Plaintiff's claim are barred in the Plaintiff were compensated for all hours suffered or permitted to work in accordance with the FLSA.

3. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

4. Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

5. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act. 29 U.S.C § 255(a), such claims of Plaintiff's and any similarly-situated individuals are barred.

6. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

7. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrative of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices.

8. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260., because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not violation of the FLSA, and pursuant to specific guidance provided by the Depart of Labor, Wage and Hour Division.

9. Defendants at all times acted in good faith to comply with FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate FLSA as a defense to any claim by Plaintiff and alleged similarly-situated individuals for liquidated damages.

10. Defendants assert that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. *See e.g.,* C.F.R. § 785.19.

11. To the extent the work performed by the Plaintiff was voluntary in nature and without Defendant's knowledge or authorization, was contrary to express instructions, it does not constitute compensable working time under the FLSA pursuant to 29 C.F.R. § 785.27, *seq*.

12. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

13. Plaintiff's claims for damages are due to be defeated, reduced, or diminished by amounts that could have been, or in fact were, mitigated.

Defendants reserve the right to plead other affirmative defenses which become known during the course of discovery in this case.

WHEREFORE, Defendants respectfully requests entry of judgment on its affirmative defenses in its favor against Plaintiff, an award of costs, and such other relief that this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF on this 17th day of August, 2017 to: Elvis J. Adan, Esq., (E-Mail: elvis.adan@gallardolawyers.com); Gallardo Law Office, P.A., 8492 SW 8th Street, Miami, Florida 33144.

LAW OFFICES OF JONATHAN A. HELLER, P.A.
One Flagler Building
14 Northeast First Avenue
Suite 1105
Miami, Florida  33132
Telephone No.: (305) 372-5000
E-Mail: Jonathan@jhellerlaw.com

By:  /S/ JONATHAN A. HELLER, ESQ.
       JONATHAN A. HELLER, ESQ.
       Florida Bar No. 340881