UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-22440-CIV-WILLIAMS

MANUEL FONS,

    Plaintiff,

vs.

LATIN MOTORS INTERNATIONAL, LLC,
and SANTIAGO HERRERA QUIJADA,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendants' motion for summary judgment. (DE 30). Plaintiff has failed to oppose the motion, and the time to do so has passed. Under the Local Rules, failure to serve an opposing memorandum of law may be deemed sufficient cause for granting a motion by default. S.D. Fla. L.R. 7.1(c). The Court concludes that Defendants' motion should be granted based both on Plaintiff's failure to respond and on the merits.

**I.    BACKGROUND**[1]

Plaintiff, a commissioned automobile salesman, brought this action under the Fair Labor Standards Act (FLSA) seeking allegedly owed and unpaid overtime wages. (DE 1 ¶¶ 12-13) ("On or about June 2014, Fons was hired [by Defendants] as a car salesman . . . [his] primary duties' were . . . automobile sales."). Plaintiff concedes that under the terms of his employment he was to be paid commissions. (*Id.* ¶ 57). Furthermore,

---

[1] Because Plaintiff failed to oppose Defendants' motion for summary judgment, the Court accepts the well-supported facts in Defendants' statement of undisputed facts as undisputed. S.D. Fla. L.R. 56.1(b).

Defendant Latin Motors International, LLC, which employed Plaintiff, is an automobile sales dealership that does not manufacture vehicles, and is primarily engaged in the business of selling such vehicles to ultimate purchasers. (DE 30-1, Herrera Aff., ¶ 4). Indeed, Plaintiff alleges he sold fifty-four vehicles during his time with Defendants. (DE 1 ¶ 57). During the period Plaintiff was a commissioned salesperson for Defendants, he received commissions in the amount of $18,295.83. (Herrera Aff. ¶ 8). Plaintiff's compensation varied from month-to-month based upon the number of cars that Plaintiff sold. (Id. ¶ 9). Finally, Defendants never received any notice prior to suit from Plaintiff demanding payment of allegedly unpaid wages. (Id. ¶ 11).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, on a motion for summary judgment, "[a]ll material facts set forth in the movant's statement [of material facts] filed and supported . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). As discussed above, failure to file a memorandum opposing a motion may be deemed sufficient cause for granting the motion by default. S.D. Fla. L.R. 7.1(c).

## III. ANALYSIS

The record in this case demonstrates that Defendants' motion for summary judgment should be granted. First, Plaintiff has failed to oppose Defendants' motion. Defendants moved for summary judgment on February 9, 2018. (DE 30). Plaintiff's

response to the motion was due February 23, 2018.  On February 28, 2018, Plaintiff moved for an extension of time to file his response.  (DE 31).  Plaintiff claimed he needed additional time because the Parties had been engaged in settlement discussions.  (*Id.*). The Court granted Plaintiff's motion for an extension of time, and required Plaintiff to file his response to the motion for summary judgment by March 14, 2018.  (DE 33).  The Court further noted that Plaintiff had failed to follow the local rules and the Court's practices and procedures by moving for an extension of time several days after his motion was already due.  (*Id.*).  As of the date of this Order, Plaintiff still has not responded to the motion for summary judgment.  Accordingly, Defendants' motion for summary judgment may be granted by default.

Defendants' motion is also granted on the merits.  Plaintiff claims in Counts I and II of the complaint that he is entitled to recover unpaid overtime wages pursuant to 29 U.S.C. § 207.  The overtime premium pay requirements are inapplicable to Plaintiff, however, pursuant to the express language of 29 U.S.C. § 213(b)(10)(a), which provides that the provisions of § 207 do not apply to:

> any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.

29 U.S.C. §213(b)(10)(A).

It is undisputed that Plaintiff was employed as a salesman selling automobiles for Defendants' auto sales dealership. It is also undisputed that Plaintiff's compensation was principally derived from commissions paid as a result of Plaintiff's efforts in the sale of

vehicles at the dealership. As such, as a matter of law, Plaintiff cannot recover overtime pay in Counts I or II of the complaint, and Defendants are entitled to summary judgment on these claims. *See e.g., Brennan v. Deel Motors, Inc.*, 475 F.2d 1095, 1097 (5th Cir. 1973); *Saucedo v. Phoenix Auto Sales, Inc.*, No. 08-21156-CIV, 2009 WL 10666878, at *2 (S.D. Fla. Jan. 5, 2009) (granting summary judgment to Defendants based on the "automobile salesman" exemption).

In Count III, Plaintiff also seeks to recover overtime wages under the Florida Minimum Wage Act (Fla. Stat. § 448.110) (the "FMWA"). Initially, Fla. Stat. §448.110(3) specifically provides that "[t]he provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." Consequently, since Plaintiff, as set forth above, is expressly exempt under Section 213(b)(10)(A) of the FLSA, he is similarly exempted from making a claim under the FMWA.

Furthermore, Plaintiff's claim under the FMWA is barred because Plaintiff failed to comply with the statutorily mandated condition precedent to filing this suit. The statute, Fla. Stat. §448.10(6)(a), expressly requires that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." It is undisputed that Plaintiff did not do so, and as a result, even assuming that he were not exempt and had

a claim, he cannot proceed with this suit because he failed to serve the required pre-suit notice upon the Defendants. Defendants are therefore also entitled to summary judgment on Count III of Plaintiff's complaint.

Plaintiff's sole remaining claim is Count IV, a state law claim for breach of contract. In the absence of Counts I and II, which form the basis for this Court's original, federal question jurisdiction, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Accordingly, Count IV must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS AND ADJUDGES** that:

1. Defendants' motion for summary judgment (DE 30) is **GRANTED**.

2. Defendant is entitled to final summary judgment as a matter of law on Counts I, II, and III of Plaintiff's complaint.

3. Count IV of Plaintiff's complaint is **DISMISSED**.

4. All pending motions are **DENIED AS MOOT**.

5. All deadlines and trial settings are **CANCELED**.

6. The Clerk is **DIRECTED** to **CLOSE** this case.

7. The Court will enter final summary judgment separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___15th___ day of March, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

5